ORIGINAL

williander.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAR 23 2007
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
MAR 16 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00010 |
| Plaintiff, ) | |
| vs. ) | AMENDED |
| ) | PLEA AGREEMENT |
| KITAMICHY WILLIANDER, ) | |
| aka DAN KATAN, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, KITAMICHY WILLIANDER aka DAN KATAN, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with Illegal Reentry, in violation of Title 8, United States Code, Sections 1326(a) & (b)(2).

2(a) The defendant, KITAMICHY WILLIANDER aka DAN KATAN, understands that the <u>maximum</u> sentence for Illegal Reentry subsequent to a conviction for an aggravated felony is a term of twenty (20) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of

supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) If defendant pleads guilty to this offense, the government will recommend the minimum term of incarceration recommended by the Sentencing Guidelines.

2(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Illegal Reentry as charged pursuant to 8 U.S.C. § 1326(a) and (b)(2), the government must prove each of the following elements beyond a reasonable doubt to a jury:

First: the defendant is an alien;

Second: the defendant was deported from the United States;

Third: the defendant reentered the United States without the consent of the Secretary of the Department of Homeland Security or of any representative of the department.

In addition, for defendant to be subjected to the maximum term of twenty (20) years incarceration, as provided by 8 U.S.C. § 1326(b)(2), the government must prove by a preponderance of the evidence that defendant's removal from the United States was subsequent to a conviction for the commission of an aggravated felony.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1972, and is a citizen of Chuuk, the Federated States of Micronesia..

(b) On October 17, 2000, defendant was convicted of ~~Aggravated Assault, in violation of~~ an offense only ~~9 GCA § 19.20(a)(2),~~ in Superior Court of Guam Case ~~No. CF0313-00. This offense is an aggravated felony pursuant to 8 U.S.C. § 1101(43)(F).~~ Defendant was ordered removed from the United States on October 16, 2001, and was physically deported February 27, 2002. Defendant unlawfully and intentionally reentered the United States in May, 2003. Prior to his re-embarkation from Chuuk, FSM, the defendant knew he had not received consent of the Secretary of the Department of Homeland Security, or his representative, to reapply for admission to enter the United States.

(c) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

5. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has

-3-

Case 1:07-cr-00010   Document 11   Filed 03/23/2007   Page 3 of 5

had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

//
//
//
//
//
//
//

-4-

Case 1:07-cr-00010    Document 11    Filed 03/23/2007    Page 4 of 5

(i) This plea agreement has been translated into defendant's native language and he fully understands it.

DATED: 2/23/07

_____
KITAMICHY WILLIANDER
Defendant

DATED: 2/23/07

_____
RICHARD P. ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 3/15/07            By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 3/16/07

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

-5-

Case 1:07-cr-00010    Document 11    Filed 03/23/2007    Page 5 of 5