JOHN T. GORMAN  
Federal Public Defender  
District of Guam

RICHARD P. ARENS  
Assistant Federal Public Defender  
First Hawaiian Bank Building  
400 Route 8, Suite 501  
Mongmong, Guam 96910  
Telephone: (671) 472-7111  
Facsimile: (671) 472-7120

Attorney for Defendant  
KITAMICHY WILLIANDER



FILED  
DISTRICT COURT OF GUAM  
JUN 14 2007  
MARY L.M. MORAN  
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CR-07-00010 |
|---|---|
| Plaintiff, | ) OBJECTION TO DRAFT PRESENTENCE ) REPORT; CERTIFICATE OF SERVICE |
| vs. | ) |
| KITAMICHY WILLIANDER, | ) |
| Defendant. | ) |

## OBJECTION TO DRAFT PRESENTENCE REPORT

Defendant, KITAMICHY WILLIANDER, by and through counsel, Richard P. Arens, Assistant Federal Public Defender, respectfully objects to the 16 level enhancement as set forth at paragraph 21 of the Draft Pre-Sentence Report on the basis that his prior offense is not a crime of violence.

//

//

## Memorandum

### I. Background

On January 24, 2007, Mr. Williander was charged with Illegal Reentry by an Alien in violation of 8 U.S.C. § 1326(a)&(b). Section 2L1.2 of the U.S.S.G. sets the Base Offense Level for Illegal Reentry at a level 8. Pursuant to § 2L1.2(b)(1)(A), a 16 level increase is applied where a defendant was previously deported after a conviction for a crime of violence. In this case, the PSR recommends a 16 level increase based on a prior conviction for aggravated assault in the Superior Court of Guam. Mr. Williander submits that the 16 level increase is not warranted since his prior conviction was not a crime of violence.

### II. The Law

The relevant Sentencing Guideline defines a "crime of violence" as a "federal, state, or local law that has an element the use, attempted us, or threatened use of physical force against the person of another." U.S.S.G § 2L1.2, application note 1(B)(iii). The determination of whether a prior conviction qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) requires an application of the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990). Under the Taylor analysis, courts cannot examine the underlying facts of the prior offense but "look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. The test is whether a prior offense qualifies as a "crime of violence" for sentencing purposes.

Although the PSR neglects to cite the statute of conviction, it is clear from discovery that Mr. Williander was charged with a violation of 9 G.C.A. § 19.20(a)(2). (Ex.1). This statute provides that a "person is guilty of aggravated assault if he either recklessly causes or attempts to

2

cause...serious bodily injury to another." 9 G.C.A. § 19.20(a)(2). Thus, under Guam law, a person can be found guilty of aggravated assault by either recklessly or intentionally causing bodily injury to another.

In Narvaez-Gomez, ___F.3d___, 2007 WL614778 (C.A.9 (Ca. June 6, 2007.)), the Court held that the holding in Ferdandez- Ruiz, 468 F3d 1159 (9th Cir. 2006) limits categorical crimes of violence to offenses committed through intentional use of force against the person of another rather than reckless or grossly negligent conduct. Since the Guam statute criminalizes conduct that does and does not involve intentional behavior, the statute of conviction is overly-inclusive and not a categorical match.

When an offense is not a categorical crime of violence, the sentencing court applies the "modified categorical approach" and "examine[s] the record for 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.'" United States v. Corona-Sanchez, 291 F.3d 1201 (9th Cir. 2002)(en banc) (quoting United States v. Rivera-Sanchez, 247 F.3d 905 (9th Cir. 2001)). The government bears the burden to "establish unequivocally under the modified categorical approach" that the defendant's "prior conviction amounted to a crime of violence." United States v. Pimentel-Flores, 339 F.3d 959, 968 (9th Cir. 2003) (citing United States v. Mathews, 278 F.3d 880, 885 (9th Cir. 2002) (en banc), cert.denied, 535 U.S. 1120 (2002)).

When the prior conviction is based on a guilty plea, the sentencing court's review is limited "to those documents 'made or used in adjudicating guilt' such as such as 'the terms of the plea agreement, the terms of the plea agreement or the transcript of the colloquy between the judge

3

and the defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of the information.'" Narvaez-Gomez, (quoting United States v. Martinez-Martinez, 468 F.3d 604 (9th Cir. 2006)).

In this case, there is nothing in the record indicating that Mr. Williander was convicted based on the intentional use of force. Mr. Williander can not be subjected to 16 level enhancement absent a finding that he was previously deported after being convicted for a crime of violence.

**III Conclusion**

Based on the above-mentioned points and authorities, Mr. Williander respectfully requests his sentence not include the 16 level enhancement as indicated in the PSR.

DATED: Mongmong, Guam, June 14, 2007.

RICHARD P. ARENS
Attorney for Defendant
KITAMICHY WILLIANDER

4

ATTORNEY GENERAL'S OFFICE - PROSECUTION DIVISION
2-200E Judicial Center Building
120 West O'Brien Drive
Hagåtña, Guam 96910
Tel: (671) 475-3406 / Fax: (671) 477-3390

IN THE SUPERIOR COURT
OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>vs.<br><br>KITAMICHY KASAY WILLIANDER,<br>DOB: 06/29/72<br>SS#: 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<br><br>Defendant. | CRIMINAL CASE NO. CF0313-00<br>                            FV<br>GPD REPORT NO. 00-09875<br><br>Charges:<br><br>1. AGGRAVATED ASSAULT<br>   (As a 3rd Degree Felony)<br>*Special Allegation:* POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION OF A FELONY<br>2. AGGRAVATED ASSAULT<br>   (As a 3rd Degree Felony)<br>*Special Allegation:* POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION OF A FELONY<br>3. FAMILY VIOLENCE<br>   (As a 3rd Degree Felony)<br>*Special Allegation:* POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION OF A FELONY |

## INDICTMENT

THE SUPERIOR COURT OF GUAM GRAND JURY HEREBY CHARGES:

### FIRST CHARGE

On or about June 13, 2000, in Guam, KITAMICHY KASAY WILLIANDER did recklessly cause bodily injury to another, that is, CHURIE WERIA, with a deadly weapon, that is, a knife, in violation of 9 GCA §§ 19.20(a)(3) and (b).

### SPECIAL ALLEGATION

It is further alleged that in the commission of the above offense, the Defendant, KITAMICHY KASAY WILLIANDER, unlawfully and

H:\FASC\INDICT\WILLIAN.DHC\lrl

ORIGINAL

ex: 1

knowingly possessed and used a deadly weapon, that is, a knife, in violation of 9 GCA § 80.37.

### SECOND CHARGE

On or about June 13, 2000, in Guam, KITAMICHY KASAY WILLIANDER did recklessly cause and attempted to cause serious bodily injury to another, that is, CHURIE WERIA, in violation of 9 GCA §§ 19.20(a)(2) and (b).

### SPECIAL ALLEGATION

It is further alleged that in the commission of the above offense, the Defendant, KITAMICHY KASAY WILLIANDER, unlawfully and knowingly possessed and used a deadly weapon, that is, a knife, in violation of 9 GCA § 80.37.

### THIRD CHARGE

On or about June 13, 2000, in Guam, KITAMICHY KASAY WILLIANDER did recklessly cause bodily injury to another family member or household member, that is, CHURIE WERIA, in violation of 9 GCA §§ 30.10(a)(1) and 30.20(a).

### SPECIAL ALLEGATION

It is further alleged that in the commission of the above offense, the Defendant, KITAMICHY KASAY WILLIANDER, unlawfully and knowingly possessed and used a deadly weapon, that is, a knife, in violation of 9 GCA § 80.37.

Dated: June 23, 2000.

JOHN F. TARANTINO
Attorney General

A TRUE BILL

By: _____
MYLENE N. R. LOPEZ
Assistant Attorney General

_____
FOREMAN OF THE GUAM
GRAND JURY

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam
OCT 15 2001

Charlene T. Santos
Deputy Clerk, Superior Court of Guam

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on June 14, 2007:

Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

GUILLIOT, STEPHEN

DATED: Mongmong, Guam, June 14, 2007.

_____
RENATE A. DOEHL
Legal Secretary to

RICHARD P. ARENS
Attorney for Defendant
KITAMICHY WILLIANDER